UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                          ORDER
                           Criminal File No. 16-266 (MJD/FLN)

(1) SANTINO CORLEONE WALKER,

      Defendant.

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

Santino Corleone Walker, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Santino Corleone Walker's Pro Se Motion for Compassionate Release from Custody. [Docket No. 35]

## II.    BACKGROUND

On November 30, 2016, Defendant pled guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On May 17, 2017, the Court sentenced Defendant to 87 months in prison.

## III.    DISCUSSION

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. § 1B1.13. Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community, and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has exhausted administrative remedies.  (Govt. Exs. 1-2.) Therefore, the Court addresses the merits of Defendant's request.

The Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions to warrant relief.  Although Defendant claims that he has asthma and hypertension, putting him at risk for complications from COVID-19, his medical records show no current diagnosis of, symptoms of, or treatment for either condition.  (Govt. Ex. 3 at 27, 50; see also PSI ¶ 83.)  Moreover, medical records show that Defendant did contract COVID-19.  He was diagnosed on October 15, 2020, was asymptomatic throughout his illness, and has now recovered.  (Govt. Ex. 3 at 2-3, 9, 57.)

3

Defendant has also failed to demonstrate that he is no longer a danger to the community. Defendant is currently incarcerated for his third federal conviction for Felon in Possession of a Firearm. Those three federal convictions were preceded by two state gun convictions. Defendant's record demonstrates a likelihood to reoffend, and he has only served approximately half of his current sentence.

A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a). A sentence reduction would not reflect the seriousness of the offense of conviction, promote respect for the law, or provide a just punishment. In addition, Defendant has only served approximately half of his sentence, therefore a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant Santino Corleone Walker's Pro Se Motion for Compassionate Release from Custody [Docket No. 35] is **DENIED**.

Dated: December 11, 2020        s/ Michael J. Davis
                                Michael J. Davis
                                United States District Court